

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-1-2000

# In Re: Mary Collins

Precedential or Non-Precedential:

Docket 00-1009

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"In Re: Mary Collins" (2000). *2000 Decisions.* Paper 240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 1, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1009

In Re: Mary Nell Collins, Individually and as Personal
       Representative of the Heirs and Estate of Carl
       Gene Collins, Deceased,

In Re: Barbara and Frederick Hoffman,

In Re: Marjorie Peuffier, Individually and as Personal
       Representative of the Heirs and Estate of Robert
       Peuffier, Deceased,

       Petitioners.

On Petition for Writ of Mandamus to The
Judicial Panel on Multidistrict Litigation
(D.C. No. M.D.L. 875)
District Judge: Honorable Charles R. Weiner

Submitted Pursuant To Third Circuit L.A.R. 34.1(a)
October 6, 2000

Before: Barry, Rosenn, and Weis, Cir cuit Judges

Filed December 1, 2000

        Alan B. Rich, Esquire
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas 75219

        Attorneys for Petitioners

Hubert A. Crouch, III, Esquire
Kirk T. Florence, Esquire
Amy E. Nettle, Esquire
Crouch & Inabnett, L.L.P.
2300 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202

Attorneys for Respondent
Macmillan-Bloedel

McCarter & English, LLP
2005 Market Street, Suite 3600
One Commerce Square
Philadelphia, Pennsylvania 19103
Of Counsel:
 Nathan A. Schachtman, Esquire
On the Brief:
 James H. Wilson, III, Esquire

Attorneys for Respondent
GAF Corporation

John D. Aldock, Esquire
Elizabeth Runyan Geise, Esquire
David R. Esquivel, Esquire
Shea & Gardner
1800 Massachusetts Avenue, NW
Washington, D.C. 20036

John G. Gaul, Esquire
Center for Claims Resolution
504 Carnegie Center, Second Floor
Princeton, New Jersey 08540

Attorneys for Respondents
Represented by the Center for Claims
Resolution

Robert H. Riley, Esquire
Catherine M. Masters, Esquire
Neil Lloyd, Esquire
Schiff Hardin & Waite
6600 Sears Tower
Chicago, Illinois 60606-6473

Attorneys for Amicus Curiae
Owens-Illinois, Inc.

OPINION OF THE COURT

WEIS, Circuit Judge.

Petitioners seek a writ of mandamus directing the Judicial Panel on Multidistrict Litigation to r emand punitive damages claims for trial together with the r emainder of personal injury claims arising from asbestos exposure. We will deny the petition for mandamus.

Petitioners are four individuals seeking damages for injuries resulting from exposure to asbestos. Pursuant to 28 U.S.C. S 1407(a) the claims were transferred by the Judicial Panel on Multidistrict Litigation to Multidistrict Litigation No. 875, which is pending in the United States District Court for the Eastern District of Pennsylvania.

At the suggestion of the transferee judge, when the Judicial Panel remanded the petitioners' claims to the transferor courts, it withheld remand on the requests for punitive damages. This action was consistent with the transferee court's practice in multidistrict litigation asbestos cases over the past decade of retaining demands for punitive damages while allowing the compensatory matters to proceed to trial. The practice has been noted by this Court before. See In re Patenaude, 210 F.3d 135, 140 n.3 (3d Cir. 2000) ("The [transfer ee] court also has a practice when it does remand cases of severing and retaining jurisdiction over punitive damages claims."); Dunn v. Hovic, 1 F.3d 1371, 1400 n.13 (W eis, J., dissenting).

Petitioners contend that in "undertak[ing] the substantive task of preserving the assets available to satisfy asbestos

3

claims by refusing to remand the punitive damages issue," the Panel is overstepping its authority. They ar gue section 1407(a) only permits the Panel to separate "claims," but requests for punitive damages do not have the characteristics of independent claims because a party cannot bring an action for such awards in isolation. On that basis, petitioners assert that the law tr eats punitive damages as a form of relief, not a claim or cause of action.

Respondents point out that claims for punitive damages, although dependent on factors justifying compensatory awards, require separate elements of proof such as malice, fraud, or gross negligence. Moreover , respondents observe that many courts require or permit evidence of a defendant's wealth, a factor not generally per mitted when only compensation is sought. Because such evidence is necessary in order for a jury to assess punitive damages, but irrelevant to the merits of other claims, many jurisdictions also require that the punitive damages counts be tried separately from proceedings that determine compensatory awards.

Section 1407(a) provides that "civil actions involving one or more common questions of fact . . . may be transferred [by the judicial panel on multidistrict litigation] to any district for coordinated or consolidated pr etrial proceedings." 28 U.S.C. S 1407(a). At or before conclusion of the pretrial procedures, the Panel is to remand those cases to the districts from which they wer e originally transferred, "[p]rovided, however, That the panel may separate any claim, cross-claim, counter -claim, or third-party claim and remand any of such claims befor e the remainder of the action is remanded." Id.

Essentially, the petitioners would have us construe "claim" in section 1407(a) to be synonymous with "cause of action," and a request for punitive damages to be merely an "issue" as that term is used in Federal Rule of Civil Procedure 42(b). We reject these contentions. As a term of art and in common parlance, the meaning of "claim" is not so circumscribed. For example, a cause of action based upon negligence frequently is described as including "claims" for property damage, lost wages, medical bills, and pain and suffering. Neither the statute's language nor the

4

snippets of legislative history cited to us pr ovides a basis for adopting the petitioners' crabbed reading of the word. Rather, the legislative history of section 1407 demonstrates "that Congress intended transferee courts to have broad pretrial authority." Patenaude, 210 F.3d at 144. In our view, the Panel's expansive interpretation of"claim" is the more reasonable one and that which we endorse.

Furthermore, although a demand for punitive damages does not stand alone, it is not simply a component of a claim inseparable from the whole. This distinctiveness is demonstrated by case law allowing new trials devoted solely to determining punitive damages. See, e.g. , Denesha v. Farmers Ins. Exch., Inc., 161 F.3d 491, 505 (8th Cir. 1998); Jannotta v. Subway Sandwich Shops, Inc., 125 F .3d 503, 517 (7th Cir. 1997). Separate trials of punitive damages claims are also permitted. Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 474-75 (5th Cir. 1986). A request for punitive damages is similar to a derivative claim, such as for loss of consortium, and may properly be characterized as "a separate but dependent claim for relief " that must be supported by independent allegations and proof. 1 James D. Ghiardi, et al., Punitive Damages L. & Prac., S 12.07 at 22-23, 25 (1999).

In addition, the statute grants unusually br oad discretion to the Panel to carry out its assigned functions. Subsection (e) provides that "[n]o proceedings for review of any order of the panel may be permitted except by extraor dinary writ pursuant to the provisions of title 28, section 1651, United States Code." This vehicle that Congress chose for review is one that we have held should only be granted "in response to an act amounting to a judicial usurpation of power." Patenaude, 210 F.3d at 140. Petitioners have the burden to establish that they "have no other adequate means to attain the desired relief, and . . . that [their] right to the writ is clear and indisputable . . . . Even when these r equirements are met, issuance of the writ is largely discretionary." Id. at 141. In this way, Congress granted substantial authority to the Panel to decide how the cases under its jurisdiction should be coordinated. It is significant that section 1407(a) directs that the Panel act "for the convenience of parties and witnesses and . . . promote the just and efficient conduct of such [civil] actions."

5

An even more compelling reason to adopt the Panel's interpretation is the public policy underlying the practice of severing punitive damages claims. In Patenaude , we quoted the transferee court's objectives in resolving the thousands of cases assigned to it -- "that the sick and dying, their widows and survivors should have their claims addr essed first." Id. at 139. The Report of the Judicial Conference Ad Hoc Committee on Asbestos Litigation accurately appraised the problem:

> "Although there may be grounds to support an award, multiple judgments for punitive damages in the mass tort context against a finite number of defendants with limited assets threaten fair compensation to pending claimants and future claimants who await their recovery, and threaten the economic viability of the defendants. To the extent that some states do not [sic] permit punitive damages, such awards can be viewed as a malapportionment of a limited fund. Meritorious claims may go uncompensated while earlier claimants enjoy a windfall unrelated to their actual damages."

Report of the Judicial Conference Ad Hoc Committee on Asbestos Litigation at 32 (March 1991).

Punitive damages are a windfall to the r ecipients over and above compensatory damages to which they ar e entitled. Indeed, in some jurisdictions, punitive damages are paid in part to the state rather than the individual plaintiff. See Alaska Stat. S 9.17.020(j); Ga. Code Ann. S 51–12–5.1(e)(2) (product liability cases); Utah Code Ann. S 78–18–1(3).

The resources available to persons injur ed by asbestos are steadily being depleted. The continuingfilings of bankruptcy by asbestos defendants disclose that the process is accelerating. It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand. It is discouraging that while the Panel and transferee court follow this enlightened practice, some state courts allow punitive damages in asbestos cases. The continued hemorrhaging of available funds

6

deprives current and future victims of rightful compensation.

Petitioners have failed to persuade us that the Panel ruling was erroneous. The petition does not demonstrate the extraordinary circumstances per mitting us to issue a writ of mandamus, much less compel us to exer cise our discretion and grant the request.

The petition for mandamus will be denied.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

7